CROOM v. CROOM et al. (No. 470.)

(Court of Civil Appeals of Texas. Beaumont. June 30, 1919.)

APPEAL AND ERROR ☞754(1), 1173(1)—REVERSAL AS TO ONE OR MORE COPARTIES.

In an action against several defendants, where evidence was introduced by plaintiff against all of the defendants, but the court ruled that it was not admissible against certain defendants, refusal of the court to submit certain issues raised by such evidence is not ground for reversal as far as the defendants against whom the court ruled the evidence was not admissible are concerned, where there is no assignment of error in the brief bringing up for review the action of the court in ruling on the admissibility of the evidence, although such ruling was excepted to.

Appeal from District Court, Harris County; A. R. Hamblen, Judge.

Suit by Cecelia Croom against Lloyd Croom and others. Judgment for defendants, and plaintiff appeals. Affirmed in part, and reversed and remanded in part.

A. C. Van Velzer, of Houston, for appellant.
Stanley Thompson and John M. Cobb, both of Houston, for appellees.

HIGHTOWER, C. J. This was a suit by Cecelia Croom, the appellant, against her husband, Lloyd Croom, and Elijah Croom, William Croom, Mary Carter and her husband, Louisa Singleterry and her husband, Mrs. Cora Jordan and her husband, G. W. Jordan, and Jake H. Sam, as administrator of the estate of Matilda Croom, deceased. Appellant's object in bringing the suit was to recover title and possession of lot 11, and the north half of lot 3, in block 444 of the J. S. Holman tract, on the south side of Buffalo bayou in the city of Houston, Tex., and also to have canceled a deed of trust that was executed by Matilda Croom during her lifetime to secure an indebtedness owed by her to Mrs. Cora Jordan in the principal sum of $1,350.

Appellant alleged that the property in controversy was her separate property, but if it should be found not so, then she alleged in the alternative that said property was the community property of herself and husband, Lloyd Croom. She further alleged, substantially, that title to the property was taken in the name of Matilda Croom, the mother of her husband, Lloyd Croom, but with the understanding that the same was conveyed to Matilda Croom in trust for said Lloyd Croom, and that the purchase money therefor was paid out of community funds and earnings of appellant and her said husband, and that no part of such purchase money was paid by Matilda Croom, and that she at all times held the title to said property in trust only for the said Lloyd Croom. Appellant further alleged, substantially, that Matilda Croom, during her lifetime, without the consent and knowledge of appellant, executed the deed of trust mentioned in her petition in favor of Mrs. Cora Jordan, but that at the time of the execution of the same the property in controversy constituted the homestead of appellant and her said husband, Lloyd Croom, and was actually occupied as a homestead by them at said time, and that the deed of trust was for that reason absolutely null and void, and no lien was created by said deed of trust in favor of said Mrs. Jordan, and that such purported lien should be canceled as constituting a cloud upon her title to said property.

Elijah Croom, William Croom, Mary Carter, Louisa Singleterry, and Lloyd Croom were all the children and heirs of Matilda Croom, who died intestate in February, 1917, and appellant had all of said children of Matilda Croom made parties to this suit in order that her claim of title to the property in controversy might be adjudicated as against any claim such defendants might have as heirs of Matilda Croom.

The defendant Lloyd Croom answered by general demurrer and general denial and plea of not guilty. Defendants Mrs. Cora Jordan and her husband answered by general demurrer, general denial, plea of not guilty, and specially denied that the property in controversy was either the separate property of appellant or the community property of herself and husband, Lloyd Croom, and specially denied that title thereto was ever held by Matilda Croom in trust for Lloyd Croom or any one else, and alleged specially that Matilda Croom was the owner of said property in her own right during her lifetime, and that upon her death the same belonged to her heirs, charged with such debts as Matilda Croom owed at the time of her death, and especially with an indebtedness, the principal of which amounted to $1,350, owed Mrs. Cora Jordan, to secure which the deed of trust sought to be canceled by appellant was executed, and that such deed of trust was in all respects legal and valid and constituted a lien upon the property in controversy in favor of said Mrs. Jordan to secure said indebtedness, together with interest and attorney's fees, and that said Mrs. Jordan's claim of indebtedness had been presented

to and allowed by the administrator of the estate of Matilda Croom, and said Jordan and wife specifically prayed for foreclosure of said deed of trust, etc. So far as the record discloses, no answer was filed by Elijah Croom, William Croom, Mary Carter, or Louisa Singleterry.

The case was tried with a jury and was submitted upon one special issue, and from the judgment of the court upon the jury's verdict appellant duly prosecuted this appeal.

Upon the trial appellant requested the court to submit to the jury this special issue:

"Was the consideration for the property in controversy furnished from community funds of plaintiff and her husband under an agreement or promise of Matilda Croom to convey it to one or both of them upon their request?"

The trial court refused to submit such special issue, and appellant duly excepted to such refusal, and such action of the trial court is properly assigned as error on this appeal by the second assignment of error.

By appellant's proposition under this assignment, it is contended that the action of the court in refusing said special issue ought to be held reversible error as against all of the appellees herein; but upon consideration of the record we find that the assignment can only be sustained as against the appelles other than Mrs. Cora Jordan and her husband, G. W. Jordan. The record shows that no evidence was admitted on the trial below as against Mrs. Jordan and husband for the purpose of showing that the property in controversy was held in trust by Matilda Croom for Lloyd Croom, or for the latter and appellant, but such character of testimony was only admitted as against the other defendants in the suit. True, appellant offered evidence in this connection as against the Jordans, as well as the other defendants, but upon objection of the Jordans the trial court ruled that such evidence was not admissible against them; and while the action of the court was excepted to in this respect by appellant, there is no assignment of error in appellant's brief raising this point. Therefore, as against the appellees Jordan, there is no evidence in this record for the purpose of showing that Matilda Croom held the property in controversy in trust for Lloyd Croom, or for Lloyd Croom and appellant and therefore, in so far as appellees Jordan are concerned, the record stands as if it had been shown beyond question or controversy that the property in controversy belonged to Matilda Croom at the time she executed the deed of trust in favor of Mrs. Jordan.

By the judgment the court decreed that the property in controversy was owned by Matilda Croom in her own right at the time she executed the deed of trust in favor of Mrs. Jordan, and that upon Matilda Croom's death the same passed to her heirs, charged with the indebtedness due by her, and especially with the indebtedness owed Mrs. Jordan and secured by said deed of trust, and decreed that such deed of trust be foreclosed as a lien upon said property, and said property, with the exception of a small designated portion, was adjudged to belong to the estate of said Matilda Croom, and that appellant, with the exception of such small designated portion, had no interest therein.

Without going into the record further in detail, we are of the opinion that the judgment of the trial court, in so far as the appellees Jordan and wife are concerned, must be affirmed in toto, and it will be so ordered. In all other respects and as to all other parties the judgment will be reversed and the cause remanded, because of the refusal of the trial court to submit to the jury the special issue hereinbefore quoted, and made the basis of appellant's second assignment of error. It is clear to us, from a careful reading of the evidence in the record, that there was evidence which, if given credence by the jury, was sufficient to show that title to the property in controversy was taken in the name of Matilda Croom with the understanding that she was to hold the same in trust for the said Lloyd Croom, and that she would convey the same to Lloyd Croom when she should be requested to do so, and also that the property was paid for by community funds belonging to Lloyd Croom and appellant. It would serve no useful purpose to set out this evidence, and it is only required that this court state its conclusion thereupon.

It is therefore ordered that the judgment of the trial court be in all things affirmed in so far as the appellees Cora Jordan and her husband, G. W. Jordan, are concerned in the judgment, and that in all other respects and as to all other parties the judgment of the trial court be reversed and the cause be remanded, in order that appellant may have an opportunity to have it determined by a jury, if she pleases, whether or not the property in controversy was held in trust by Matilda Croom, as was her contention.